**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00221-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. STEVEN J. MASCARENAS,
2. KATHY J. MASCARENAS,

    Defendants.

## ORDER RE: 404(b) EVIDENCE

**Blackburn, J.**

The matters before me are (1) **Defendant Kathy J. Mascarena's** (sic) **Motion for Forthwith Notice of F.R.Evid. Rule 404(b) Evidence** [#117][1] filed November 16, 2010; and (2) **Defendant Steven J. Mascarenas's Motion for Notice of F.R.Evid. Rule 404(b) Evidence** [#201] filed May 16, 2011.   The government filed a consolidated response [#226] on June 13, 2011.

As a starting point, defendants' discreet requests for timely pretrial disclosure of 404(b) notice and evidence are governed initially by the extant **Discovery Conference Memorandum and Order** [#33 & #34], both filed May 3, 2010) entered as to each defendant, who, relevantly, participated in the formulation thereof.  These orders require in relevant part that the government to provide written notice to each defendant no later than 21 days before trial of the government's intent to introduce evidence under

---

[1] "[#117]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Fed.R.Evid. 404(b).  (**Discovery Conference Memorandum and Order** ¶ I(C) at 4 & ¶ V(A) at 8.)

Having otherwise considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by the defendants in their respective motions and the government in its consolidated response, I find and conclude that, beyond the requirements of Fed. R. Crim. P. 16, and **Brady**, **Bagley**, **Giglio**,[2] and their progeny, a defendant does not have a discreet right to pretrial notice or disclosure of evidence that is inextricably intertwined with the acts charged or is considered intrinsic or contextual evidence.  Considering the totality of relevant circumstances, pretrial notice and disclosure 21 days before trial of putative 404(b) evidence is eminently reasonable.  Such advance notice and disclosure will provide defendants with a reasonable time and opportunity to prepare to meet such evidence by cross-examination or competing evidence.[3]  Moreover, the court may, but is not required to, consider the propriety of any such putative 404(b) evidence *in limine*.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Kathy J. Mascarena's** [sic] **Motion for Forthwith Notice of F.R.Evid. Rule 404(b) Evidence** [#117], filed November 16, 2010, is **GRANTED**, consistent with the foregoing findings and conclusions and the following orders;

2.  That **Defendant Steven J. Mascarenas's Motion for Notice of F.R.Evid.**

---

[2] The reference to "**Brady, Bagley, Giglio**," alludes to Supreme Court's seminal decisions in **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Bagley**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and **Giglio v. United States**, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[3] Nevertheless, by way of its response to the instant motions, the government has provided notice to defendants of its intent to use evidence relating to one of the properties implicated by the Indictment. (**See Government's Response** ¶¶ 2-3 at 1-2 [#226] filed June 13, 2011.)

**Rule 404(b) Evidence** [#201], filed May 16, 2011, is **GRANTED**, consistent with the foregoing findings and conclusions and the following orders; and

    3.  That not later than 21 days before trial, the government **SHALL PROVIDE** reasonable notice of the general nature of any such evidence it intends to introduce at trial under Fed.R.Evid. 404(b).

    Dated August 17, 2011, at Denver, Colorado.

    **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge