**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:             October 26, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Jan Woll

**Criminal Action No.  10-cr-00221-REB**

*Parties:*                                          *Counsel:*

UNITED STATES OF AMERICA,                           Linda Kaufman
                                                    James Allison
    Plaintiff,

v.

2.  KATHY J. MASCARENAS,                            Daniel Sears
     a/k/a Kathy Oliver,

    Defendant.

**SENTENCING MINUTES**

**2:38 p.m.     Court in session.**

Appearances of counsel.  Also seated at government's table is U.S. Attorney's Office Financial Analyst, Dana Chamberlain.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and

addendum.  Ms. Kaufman offers Government's Exhibits 1 and 2.

Mr. Sears objects.

Response by Ms. Kaufman.

Court's findings and conclusions.

***Exhibits Admitted:*** *Government's Exhibit 1, Government's Exhibit 2, both for the limited purposes of this hearing*

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Statements by defendant's daughters.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.  Government orally moves to dismiss Counts 1, 2, 3, 5, 6, 7, 8, 10, 11, and 12 of the Indictment.

**3:43 p.m.    Court in recess.**

**3:58 p.m.    Court in session.**

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18

- U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the government's oral motion to dismiss with prejudice Counts 1, 2, 3, 5, 6, 7, 8, 10, 11, and 12 is **GRANTED**; that accordingly, Counts 1, 2, 3, 5, 6, 7, 8, 10, 11, and 12 are **DISMISSED WITH PREJUDICE**;

    - **Defendant Kathy J. Mascarenas' Motion To Depart or Vary Downwards from Guidelines, or To Impose Statutory**

> **Nonguidelines Sentence** [#473] filed September 18, 2012, is **GRANTED IN PART** and **DENIED IN PART**; the defendant's motion for a downward departure is denied and the defendant's motion for a downward variance is granted in part but only insofar as it is consistent with the foregoing findings and conclusions and the following orders;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts 4 and 9 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty-four (24) months** on each of Counts 4 and 9, which sentences shall be imposed and served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each of Counts 4 and 9, which terms shall be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C.

    § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

- that, as directed by her probation officer, she shall apply any monies, revenues, or funds received from income tax refunds, lottery winnings, inheritances, devises, judgments, and any other anticipated or unanticipated financial gains to her obligation of restitution;

- that the defendant shall comply fully with all legal obligations as required by the Internal Revenue Service or the Colorado Department of Revenue concerning federal and state taxes and income tax returns;

- that the defendant is, for now, prohibited from engaging in employment where she would solicit funds for investment or employment which would permit her to have custody or control over investor funds, and she may not be a signatory or owner of any account in which investor funds are deposited;

- that the defendant, for now, shall not be employed in a fiduciary position;

7.      That no fine is imposed;

8.      That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00;

9.      That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10.     That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11.     That this court recommends that the Bureau of Prisons designate the defendant to a federal correctional facility or institution in or near Bryan, Texas, or as close thereto as practicable;

12.     That the defendant shall pay restitution for the benefit of the victims identified Government's Exhibit 1 and 2, payable immediately to the care of the Clerk of the Court in full, in the amount of $1,776,162.00, to be paid by her jointly and severally with co-defendants Steven J. Mascarenas and Katrina Y. Roberts, and, to the extent that it is not paid immediately, it shall be paid by the defendant in monthly installments of not less than ten percent of her monthly gross income as periodically determined by her probation officer; provided that interest on restitution is waived; and

13.     That, pursuant to a separate order to be issued by this Court, the defendant shall voluntarily surrender and report, at defendant's expense, to the institution designated by the Bureau of Prisons within fifteen (15) days of that designation.

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**4:40 p.m.     Court in recess.**

Total time in court:   01:47

Hearing concluded.